# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

MS. BRETT (BROOKE) SONIA,

        Plaintiff,

v.

DEPARTMENT OF CORRECTIONS, *et al.*,

        Defendants.

Case No. C17-955-JLR-JPD

ORDER RE: PENDING MOTIONS

This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff alleges in this action that defendants have violated her Eighth Amendment rights by failing to properly treat her gender dysphoria. This matter comes before the Court at the present time on the following motions: (1) plaintiff's motion to add defendants; (2) plaintiff's motion for a physical and mental health examination; (3) defendants' motion for protective order; (4) plaintiff's motion to compel discovery; (5) plaintiff's request for protection order; and, (6) plaintiff's motion for court appointed counsel.[1] The Court, having reviewed the pending motions, all briefing filed in relation to those motions, and the balance of the record, hereby finds and ORDERS as follows:

---

[1] Also pending at this time is defendants' motion for summary judgment which will be addressed separately.

ORDER RE: PENDING MOTIONS
PAGE - 1

(1) Plaintiff's motion to add defendants (Dkt. 28) is DENIED. Plaintiff's motion is, in effect, a motion to amend her complaint. Plaintiff indicates in her motion that she is seeking to add new defendants and new claims to this action. However, plaintiff failed to submit with her motion a proposed amended complaint. A motion to amend must be accompanied by a proposed amended complaint before it will be considered by the Court. Plaintiff's motion is therefore procedurally deficient and must be denied. The Court also notes that the defendants and claims plaintiff seeks to add by way of the instant motion are only tangentially related to the Eighth Amendment claims which are before the Court in this action and would be more properly raised in a separate action.

(2) Plaintiff's motion for a physical and mental examination (Dkt. 31) is DENIED. Plaintiff seeks an order under Fed. R. Civ. P. 35 requiring that she be afforded an independent medical examination by a "specialist" who can determine the necessary treatment(s) for her gender dysphoria. Plaintiff claims that only a complete examination by an independent specialist will enable the Court to make a proper determination on her constitutional claims. However, plaintiff's reliance on Rule 35 is misplaced. Rule 35(a) gives a court discretion to order "a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination. . . ." Such an order "may be made only on motion for good cause and on notice to all parties and the person to be examined." Fed. R. Civ. P. 35(a)(2). Rule 35 does not permit a court to appoint an expert to examine a party seeking an examination of herself. *See Gannaway v. Prime Care Medical, Inc.*, 150 F.Supp.3d 511, 523 n.4 (E.D. Pa. 2015). As plaintiff is essentially seeking an expert opinion to support the claims asserted in this action, Fed. R. Civ. P. 35 provides no basis for relief and her motion must therefore be denied.

(3) Defendants' motion for protective order (Dkt. 39) is GRANTED. Defendants filed their motion for protective order in conjunction with their motion for summary judgment, and they request therein that discovery in this matter be stayed pending the Court's ruling on their dispositive motion in which they raise a defense of qualified immunity. Defendants indicate in their motion that they have responded to one set of requests for production propounded by plaintiff, but they have not responded to sets of interrogatories directed to each individual defendant.

A district court has wide discretion in controlling the scope and extent of discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). A court may, upon a showing of good cause, deny or limit discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c). The Supreme Court has repeatedly held that when qualified immunity is raised as a defense by government officials, the question should be resolved at the earliest possible stage of litigation and discovery should be stayed until the threshold issue of immunity is resolved. *Harlow v. Fitzgerald*, 457 U.S. 800, 816–818, (1982) ("bare allegations of malice should not suffice to subject government officials either to the costs of trial or to the burdens of broad-reaching discovery"); *see also Anderson v. Creighton*, 483 U.S. 635, 653 n.6 (1987).

Plaintiff opposes defendants' motion for protective order, arguing generally that defendants have a duty to furnish her with the requested discovery. (Dkt. 42.) Plaintiff has also filed a response to defendants' summary judgment motion in which she again argues generally that she has a right to receive discovery. (*See id.*) However, plaintiff does not specifically identify in her papers what additional discovery she believes is necessary in order to respond to

the arguments set forth by defendants in their pending summary judgment motion. Given that defendants have raised a qualified immunity defense, and that plaintiff has not demonstrated that she requires additional discovery to respond to defendants' summary judgment motion, the Court deems it appropriate to stay discovery pending resolution of that motion. If that motion is not resolved in defendants' favor, the Court will establish a new discovery deadline.

(4) Plaintiff's motion to compel discovery (Dkt. 41) is DENIED. Plaintiff, by way of the instant motion, seeks to compel defendants to respond to interrogatories and requests for production directed to them in December 2017. As explained above, this Court has concluded that discovery should be stayed pending resolution of defendants' summary judgment motion. Plaintiff's motion to compel is therefore moot.

(5) Plaintiff's request for protection order (Dkt. 46) is DENIED. Plaintiff asserts that defendants have improperly disclosed her medical records to the public and she seeks compensation for this alleged improper conduct as well as an order directing defendants not to disclose any further medical information regarding her. Plaintiff claims, in particular, that the fact that she is transgender is confidential medical information which should not have been disclosed. Defendants oppose plaintiff's motion, arguing that she has put her medical condition at issue and has therefore waived any privacy related to her medical care.

The Ninth Circuit has recognized a constitutional right to the privacy of medical information in some contexts, but courts have generally held that the right to privacy in medical records is waived when a plaintiff puts his or her medical condition at issue. *See, e.g.*, *Doe v. Presiding Bishop of Church of Jesus Christ of Latter-Day Saints*, 837 F.Supp.2d 1145, 1157-58 (D. Idaho 2011); *Equal Employment Opportunity Commission v. Cheesecake Factory, Inc.*, 2017

ORDER RE: PENDING MOTIONS
PAGE - 4

WL 3887460, *7-8 (W.D. Wash. Sept. 6, 2017). Plaintiff has clearly put her medical condition at issue in this case and has therefore waived her right to privacy in medical records relating to her gender dysphoria.

To the extent plaintiff claims that disclosure of her medical records in defendants' summary judgment papers violates her rights under the Health Insurance Portability and Accountability Act (HIPAA), her claim is also without merit as HIPAA regulations allow a covered entity to "use or disclose protected health information for treatment, payment, or health care operations." 45 C.F.R. § 164.506(a). Health care operations include "[c]onducting or arranging for medical review, legal services, and auditing functions." 45 C.F.R. § 164.501. Under these provisions, a covered entity may use protected health information to defend itself against a lawsuit by a patient. *See* Health and Human Services, *May a Covered Entity Use of Disclose Protected Health Information for Litigation* (Jan. 7, 2005), *available at https://www.hhs.gov/hipaa/for-professionals/faq/704/may-a-covered-entity-use-protected-health-information-for litigation/index.html*. Plaintiff fails to demonstrate that there was anything improper about defendants' submission of medical records in support of their pending summary judgment motion which are clearly relevant to the claims asserted by plaintiff in her second amended complaint.

The Court is compelled to note that not only has plaintiff established no legal basis for her request for an order of protection, her request is arguably frivolous. Plaintiff's primary expressed concern about defendants' disclosure of her medical records is that defendants have made it public knowledge that she is transgender, which she claims exposes her to the possibility of future assaults by other inmates. (*See* Dkt. 46 at 3.) However, it is disingenuous for plaintiff

ORDER RE: PENDING MOTIONS
PAGE - 5

to complain that defendants have exposed her to a risk of harm by making this information part of the public record when she clearly states in her pleadings that she suffers from gender dysphoria. (*See* Dkts. 5-1, 5-2, 15.) It is also noteworthy that plaintiff appears to have re-submitted the medical records of which she now complains in conjunction with her response to defendants' summary judgment motion. (*See* Dkt. 42 at 31-41.) Plaintiff's motion lacks merit and must therefore be denied.

(6) Plaintiff's motion for court appointed counsel (Dkt. 42 at 60-65) is DENIED. There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate her claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Plaintiff asserts in her motion for court appointed counsel that the issues in this case are complex and that she currently has mental health issues which interfere with her ability to litigate this case. Plaintiff also claims that her imprisonment hinders her ability to access other offender witnesses who are material to her case. However, plaintiff, in her various submissions, many of which are quite recent, has demonstrated ample ability to articulate her claims and arguments without the assistance of counsel. With respect to plaintiff's alleged lack of access to offender witnesses, plaintiff makes no showing that such witnesses would be able to provide evidence

relevant to the pending summary judgment motion, a motion which is currently ripe for review and to which plaintiff has already filed a response. Finally, the Court notes that though it has not yet conducted an in-depth review and analysis of defendants' summary judgment motion, that motion raises substantial questions regarding the likelihood that plaintiff will succeed on the merits in this action. In sum, plaintiff has not demonstrated that this case involves exceptional circumstances which warrant the appointment of counsel, and the instant motion must therefore be denied.

(7) The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable James L. Robart.

DATED this 15th day of March, 2018.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge